Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000100
29-JUN-2017
08:10 AM

NO. CAAP-16-0000100

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEKOA IONA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0648)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Kekoa Iona (**Iona**) appeals from the Judgment of Conviction and Sentence (**Judgment**) filed on January 25, 2016, in the Circuit Court of the First Circuit (**Circuit Court**).[1] Following a bench trial, Iona was convicted of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1243 (2014)[2] (Count I) and

---

[1] The Honorable Edward H. Kubo, Jr. presided.

[2] HRS § 712-1243 provides:

§ **712-1243 Promoting a dangerous drug in the third degree.** (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

(2) Promoting a dangerous drug in the third degree is a class C felony.

Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (2010)[3] (Count II). Iona was sentenced to concurrent five year terms of imprisonment and fined $1,000.

On appeal, Iona raises two points of error, contending that the Circuit Court erred in denying his motion to suppress evidence, including a glass pipe and a plastic bag containing a white crystalline substance, because: (1) the police unnecessarily prolonged the length of time needed to issue a citation; and (2) the assertion by the police that the investigation was not complete when Iona was arrested for an outstanding warrant was a pretext to allow more time for a warrant check. On these grounds, Iona argues that the evidence seized pursuant to a pat-down upon his arrest for the outstanding warrant was tainted fruit of a warrantless search and seizure, in violation of article I, section 7, of the Hawai'i Constitution.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Iona's points of error as follows:

---

[3]      HRS § 329-43.5(a) provides:

> **§ 329-43.5 Prohibited acts related to drug paraphernalia.** (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

As Iona acknowledges, the police may temporarily detain a person without a warrant in an investigative stop so long as the stop is justified by reasonable suspicion. Under Hawai'i law, "the police officer must be able to point to specific and articulable facts" which, "measured by an objective standard, [would warrant] a man of reasonable caution . . . in believing that criminal activity was afoot." State v. Powell, 61 Haw. 316, 321-22, 603 P.2d 143, 148 (1979) (citation omitted). Here, Iona was properly stopped for an observed traffic violation.

Nevertheless, police may not "prolong the detention of individuals subjected to brief, temporary investigative stops . . . solely for the purpose of performing a check for outstanding warrants." State v. Barros, 98 Hawai'i 337, 342, 48 P.3d 584, 589 (2002) (citation omitted). More specifically,

> a temporary investigative detention must . . . be truly temporary and last no longer than is necessary to effectuate the purpose of the detention—i.e., transpire for no longer than necessary to confirm or dispel the officer's reasonable suspicion that criminal activity is afoot. In other words, a temporary investigative detention must be reasonably related in scope to the circumstances which justified the detention in the first place, and, thus, must be no greater in intensity than absolutely necessary under the circumstances.

State v. Kaleohano, 99 Hawai'i 370, 379, 56 P.3d 138, 147 (2002) (citations omitted).

Here, approximately fourteen minutes passed between the initial stop and Iona's arrest. As the Circuit Court found, Iona was stopped for an untaxed bicycle investigation when Honolulu Police Department (HPD) Lieutenant Brent Kagawa (Lt. Kagawa) observed him riding a bicycle that did not have the required yellow tax decal. Upon Lt. Kagawa's inquiry, Iona first claimed

the bicycle was his and then, as the officer was writing down the information, Iona said the bicycle belonged to "Nalu" from Ala Moana Beach Park. As Lt. Kagawa was conducting the bicycle investigation, he ran a warrant check on Iona and his two companions (who were also riding bicycles without tax decals) and two other officers arrived on the scene. The other officers checked for serial numbers on the three bicycles. Only Iona's serial number was legible. It was relayed to dispatch, who reported back that the bicycle was registered to an individual in Waianae, Kuni K., not someone named Nalu. While this investigation was ongoing, which included an attempt to contact the registered owner, fourteen minutes from the time of the initial stop, dispatch confirmed that Iona had an outstanding warrant and Iona was arrested on the warrant. The police conducted the pat-down search in conjunction with his arrest.

We conclude that the Circuit Court did not err in finding that "[a]n unreasonable amount of time did not pass before Defendant was arrested on the outstanding warrant." Based on the police testimony regarding the steps regularly taken in conjunction with an untaxed bicycle investigation, and in light of Iona's shifting statements regarding the bicycle's ownership, which were inconsistent with the bicycle's registration, it was not unreasonable for the investigation to have been ongoing when the outstanding warrant information became available fourteen minutes after the initial stop.

We also reject Iona's pretext argument. There is no evidence that follow up inquiries regarding the bicycle's

ownership were pretextual or that the officers delayed the attempts to reach the registered owner of the bicycle in order to prolong the warrant check. Cf. State v. Estabillio, 121 Hawai'i 261, 218 P.3d 749 (2009). On the contrary, the testimony of the officers supported the Circuit Court's findings that the bicycle investigation was still underway, and an unreasonable amount of time had not passed, when Iona was arrested for his outstanding warrant.

Accordingly, we conclude that the evidence recovered in the search incident to Iona's arrest was not "fruit of the poisonous tree." The Circuit Court's January 25, 2016 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2017.

On the briefs:

William H. Jameson, Jr.
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5